The Honorable Shirley Borhauer State Representative 23 Kenilworth Drive Bella Vista, AR 72714-4528
Dear Representative Borhauer:
I am writing in response to your request for my opinion concerning the validity of certain documents in connection with a petition for an election on the question of incorporation pursuant to Act 1237 of 2005. You have provided a copy of a sample petition cover sheet and signature page, and you have presented the following question:
 Are the attachments (petition cover sheet and example of petition signature page) correct according to the new Act 1237?
RESPONSE
I must emphasize as an initial matter that I have no authority to determine the sufficiency of, or to approve, such a petition. The act appears to entrust this matter to the county judge. This opinion is therefore necessarily limited to a review of the statutory requirements as they pertain, in relevant part, to a petition under this new act.
In this regard, the documents you have submitted appear to contain the statutorily required elements as to the form of a petition for an election on the issue of incorporation pursuant to Act 1237. Again, however, as indicated above, the formal, completed petition will be subject to the review and independent determination of the county judge.
Act 1237 of 2005 amended Arkansas Code Title 14, Chapter 38 to add a new Code section, A.C.A. § 14-38-115, that offers an alternative method for incorporating a city or town.[1] Compare §§ 14-38-101—108. See also Op. Att'y Gen. 2005-081. The new law authorizes a petition to hold an election on the question of municipal incorporation. Application is made by "written petition" to the county judge and a public hearing is held to determine whether the requirements for holding an election have been met. See A.C.A. § 14-38-115(a)(1)(B) and (f) (Acts 2005, No. 1237, § 1). The county judge makes the determination following the hearing. Id. at (f)(1). If an election is ordered, then the election of city or town officers will also take place at the election on the issue of incorporation. Id. at subsection (i).
I note that this process is properly reflected in the title of the petition cover sheet that you have submitted. The document is entitled "Petition for an election on the issue of incorporating the city or town of Bella Vista and election of municipal officials at the next general election." This document also properly directs the petition "To the . . . County Judge of the County of Benton."
With regard to the remainder of the cover sheet, I will note that this form appears to contain the requisite information or make provision for such information so as to comply with the requirement that the written petition shall:
 (A) Describe the territory proposed to be embraced in the incorporated city or town and have attached to it an accurate map or plat of the territory;
(B) State the name proposed for the incorporated city or town; and
 (C) Name the persons authorized to act in behalf of the petitioners in prosecuting the petition.
A.C.A. § 14-38-115(a)(2).
Accordingly, with regard to your question, it is my observation that the petition cover sheet is likely correct in the sense that it addresses the information required by the new act.
Regarding the signature page, this form would also appear to contain the required elements. Subsection (a)(1)(B)(ii) of § 14-38-115 requires that the petition must be signed "by at least twenty-five percent (25%) of thequalified voters who reside in the territory proposed to be incorporated." (Emphasis added). The statute does not include a sample form or otherwise elaborate upon the signature requirement. I note, however, that the term "qualified voter" may be used interchangeably with "registered voter." See Dunkum v. Moore, 265 Ark. 544, 550-551,580 S.W.2d 183 (1979). Accordingly, it is my opinion that the information included on the signature page must be sufficient to enable the county judge (see A.C.A. § 14-38-115(f)(1)) to identify the signer as a registered voter. The general election laws are helpful in this regard in providing that:
(a) Before a person is permitted to vote, the election official shall:
 (1) Request the voter to identify himself or herself in order to verify the existence of his or her name on the precinct voter registration list;
 (2) Request the voter, in the presence of the election official, to state his or her address and state or confirm his or her date of birth;
 (3) Determine that the voter's date of birth and address are the same as those on the precinct voter registration list;
A.C.A. § 7-5-305 (Supp. 2003).
It seems clear from this provision that the entries on the sample signature page ("Printed Name," "Street Address," and "Date of Birth"), should be sufficient for the purpose of determining the signer's voter registration status. The street address will also allow confirmation of residency within the territory to be incorporated, another element of §14-38-115(a)(1)(B)(ii), supra. Thus, because the signature page appears to include the information necessary to confirm the 25% requirement (id.), I believe it is probably also sufficient as to form.
I must again note as a final matter that I do not approve petitions under this new act. Consequently, this opinion should not be construed to comment on the sufficiency or insufficiency of any such petition. Rather, it is addressing the statutory elements generally, and with reference to the sample forms that were submitted with your request.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] The act will be effective August 12, 2005. See generally Op. Att'y Gen. 2005-110 (regarding the effective date of legislation passed during the 85th General Assembly without an emergency clause or specified effective date).